108
United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

*September 17, 2024*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. **M-24-1454** |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | § | |
| DANIEL RODRIGUEZ MARTINEZ | § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### THE DEFENDANT

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was a resident of Hidalgo County, Texas. PADILLA formed and controlled Quars, LLC, a Texas limited liability company.

2. DANIEL RODRIGUEZ MARTINEZ ("RODRIGUEZ") was a resident of Harris County, Texas. RODRIGUEZ formed and controlled Dual Electrical Services LLC, a Texas limited liability company ("DES").

### SCHEME AND ARTIFICE TO DEFRAUD

3. Beginning in or around March 2021 and continuing through May 2024, within the Southern District of Texas and elsewhere, the Defendants, ▓▓▓▓▓▓▓ and RODRIGUEZ, knowingly and intentionally devised and executed a scheme to obtain money, property, and services from various electricity service providers and their customers by means of materially false and fraudulent pretenses, representations, and promises.

4. As part of and in furtherance of their scheme, Defendants obtained stolen and misappropriated personally identifiable information ("PII"), including Social Security numbers

and other identifying information from various sources. Defendants used the stolen and misappropriated PII to fraudulently enroll numerous fictitious customers with various electricity service providers. As a result, electricity service providers were fraudulently induced to provide electricity services to fictitious customers at certain addresses. The true residents of those addresses, in turn, paid a fee to Defendants utilizing peer to peer applications, and not to the electricity service providers, for the electricity services. When an electricity service provider took steps to disconnect the fictitious customer account for non-payment, Defendants would fraudulently induce providers to continue supplying electricity to the customer address. Among other things, Defendants created new customer accounts under different fictitious identities and switched customer accounts to different electricity service providers.

5. Defendants openly referred to the scheme as "pirated electricity" to their "clients".

6. Defendants utilized a sophisticated web of false business entities, fake identities, and peer-to-peer transfer systems such as Cash App and Zelle to conceal and operate their scheme to steal electricity from service providers.

7. From approximately March 2020 through August 2024, Defendants received more than approximately $4 Million from "clients" as a result of the pirated electricity scheme.

## COUNTS ONE THROUGH FIVE
### (CONSPIRACY TO COMMIT WIRE FRAUD 18 U.S.C. § 1349)

8. From on or about March 2020, through May 2024, within the Southern District of Texas and elsewhere, the Defendants,

**DANIEL RODRIGUEZ MARTINEZ**

having knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of fraudulent pretenses, representations, and promises, did combine,

conspire, confederate, and agree with each other, and others known and unknown, to knowingly transmit, and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing their scheme to defraud.

### WIRE COMMUNICATIONS IN FURTHERANCE OF THE SCHEME

9. On or about the dates listed below, for the purpose of executing and attempting to execute the above-described scheme to defraud, the Defendants, ▮▮▮▮ and RODRIGUEZ, knowingly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, the following:

| Count | Date (on or about) | Description of Wire Communication |
|---|---|---|
| 1 | January 15, 2023 | Zelle transfer of $80 for fraudulent electricity service |
| 2 | February 5, 2023 | Cash App transfer of $120 for fraudulent electricity service |
| 3 | March 20, 2023 | Zelle transfer of $100 using stolen PII for electricity |
| 4 | April 15, 2023 | Cash App transfer of $200 for fraudulent electricity service |
| 5 | May 2, 2023 | Wire transfer to Quars LLC account for fraudulent payments |

All in violation of Title 18, United States Code, Section 1349.

### NOTICE OF CRIMINAL FORFEITURE
[18 U.S.C. §§ 981(a)(1)(C); 28 U.S.C. § 2461(c)]

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, the Defendant(s),

**DANIEL RODRIGUEZ MARTINEZ**

shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, to wit:

A) $456,859.76 in U.S. Currency seized from 112 E. Camellia, McAllen, Texas, on May 29, 2024.

B) The real property located at 1601 E. Expressway 83, Mission, Texas, and legally described as:

Lot "A", GOODING SUBDIVISION, an addition to the City of Mission, Hidalgo County, Texas, as per map or plat thereof recorded in Volume 28, Page 5A, Map Records, Hidalgo County, Texas.

C) The real property located at 1609 E. 21st Street, Mission, Texas, and legally described as

Lot Five (5), SHARYWOOD MANOR, an addition to the City of Mission, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 32, Page 143B Map Records of Hidalgo County, Texas, to which reference is here made for all pertinent purposes.

D) The real property located at 112 E. Camellia, McAllen, Texas, and legally described as:

Lot 41, WINDFERN SUBDIVISION, an addition to the City of McAllen, Hidalgo County, Texas, as per amended map or plat thereof recorded in Volume 20, Page 174, Map Records, Hidalgo County, Texas.

**MONEY JUDGMENT**

Defendant(s) are notified that, upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

Defendant(s) are notified that in the event that property subject to forfeiture, as a result of any act or omission any defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant(s) up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

FOREPERSON

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY

TRUE COPY I CERTIFY
ATTEST: September 18, 2024
NATHAN OCHSNER, Clerk of Court

By: _s/ Xavier Avalos_
   Deputy Clerk